## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## AT CHARLESTON

ARI GOLD,
an individual,

and

TRUE FORCE MACHINERY LLC,
a West Virginia limited liability company,

Plaintiffs,

v.                                                    Civil Action No. 2:25-cv-00623

RIPPA MACHINERY GROUP CO., LTD.,
a Virginia corporation,

RIPPA GA LLC,
a Georgia limited liability company,

JOHN F. SMITH,
an individual,

ENERGY POWER SYSTEMS, LLC d/b/a
"RIPPA MACHINERY GROUP"
a Georgia limited liability company,

SWALLOW MCMILLAN,
an individual,

NOAH M. MCMILLAN,
an individual,

MCMILLAN MACHINERY LLC,
a Virginia limited liability company,

ROBERT LEE RAY,
an individual,

JOHN DOE,
an unknown individual,

Defendants.

## COMPLAINT FOR VIOLATION OF THE SHERMAN AND CLAYTON ANTITRUST ACTS

By and through undersigned counsel, Plaintiffs Ari Gold and True Force Machinery LLC state the following for their Complaint against Defendants Rippa Machinery Group Co., Ltd., Rippa GA LLC, John F. Smith, Energy Power Systems, LLC d/b/a "Rippa Machinery Group," and Robert Lee Ray, Swallow McMillan, Noah M. McMillan, and McMillan Machinery LLC, and an unknown John Doe Defendant, and in support state and aver as follows:

### I. JURISDICTION AND VENUE

1.  This action arises under the Sherman Antitrust Act, 15 U.S.C. §§ 1–2, and the Clayton Act, 15 U.S.C. §§ 14 and 15.

2.  This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331, as the matter presents a federal question, and 15 U.S.C. § 15, as the Plaintiffs are alleging damages under the federal antitrust laws of the United States.

3.  Venue is proper in this District under 15 U.S.C. § 22 and 28 U.S.C. § 1391(b) because Defendants transact business in this District, ship and sell heavy machinery into this District, Defendants conspired to control the market in West Virginia, and the injuries to Plaintiffs occurred within Parkersburg, West Virginia.

4.  The conduct alleged herein had and continues to have a substantial effect on interstate and foreign commerce.

### II. PARTIES

5.  Plaintiff Ari Gold is an individual citizen and resident of Parkersburg, Wood County, West Virginia.

6.  Plaintiff True Force Machinery LLC ("True Force") is a West Virginia limited liability company engaged in the import, sales, and servicing of compact excavators and related equipment, with its principal place of business at 1507 St Marys Avenue in Parkersburg, West Virginia.

7.  Defendant Rippa Machinery Group Co., Ltd. is a Virginia corporation that imports and distributes heavy equipment manufactured in China under the "Rippa" brand.

8.  Defendant Rippa GA LLC is a Georgia limited liability company acting as a regional distributor and sales intermediary for Rippa products.

9.  Defendant John F. Smith is an individual residing in Marquette, Michigan, who acts as a Rippa dealer, is an authorized dealer in Michigan and Wisconsin, and has participated in the concerted efforts described below.

10. Defendant Energy Power Systems, LLC, d/b/a "Rippa Machinery Group", is a Georgia limited liability company involved in the sale and distribution of Rippa machinery in the United States.

11. Defendant Robert Lee Ray is an individual residing in Milton, Florida, who participates in Rippa's U.S. dealer network and joined in the unlawful acts described herein.

12. Defendant Swallow McMillan is an individual residing in Virginia, who, upon information and belief, has managerial authority with Rippa. She is married to co-Defendant Noah M. McMillan, an individual residing in Virginia.

13. Defendant McMillan Machinery LLC is a Virginia limited liability company involved in the sale and distribution of Rippa machinery in the United States, controlled and/or owned by Noah M. McMillan and Swallow McMillan, and recently designated by Rippa as the exclusive agent for West Virginia.

14. Defendant John Doe is an unknown individual and/or entity believed to have participated in the events described herein.

### III. FACTUAL BACKGROUND

15. Plaintiffs distribute and sell heavy machinery, including compact excavators, to contractors, builders, and consumers throughout the Appalachian region and across the United States.

16. Plaintiffs lawfully competed in the market by offering competitive pricing and efficient logistics, providing consumers with greater access to affordable equipment.

17. Defendants collectively operate an international distribution network for "Rippa" machinery imported from China through facilities in the United States.

18. Beginning in or about in the summer of 2025, Plaintiff True Force was recognized and listed as an authorized dealer for Rippa equipment in West Virginia.

19. Other Rippa dealers in states including Georgia, Michigan, and Florida complained to the manufacturer and distributors that True Force's competitive pricing was "too low" and "hurting" their margins.

20. At the insistence of these dealers, the Rippa Defendants attempted to impose a minimum resale price policy, requiring Plaintiff to raise its advertised and sale prices or lose its dealership authorization.

21. Plaintiff refused to participate in any price-fixing scheme, citing federal antitrust law.

22. Defendant John F. Smith personally contacted Plaintiff Ari Gold, and attempted to influence him to join a price-fixing scheme.

23. Defendant Swallow McMillan personally contacted Plaintiff Ari Gold, and attempted to influence him to join a price-fixing scheme.

24. Plaintiffs Ari Gold and True Force have continuously refused these requests and have never agreed to engage in price fixing.

25. In retaliation, the Rippa Defendants conspired to remove Plaintiff from the list of authorized Rippa dealers, cut off supply, and instructed others not to sell to Plaintiff or its associates.

26. After Plaintiffs refused to participate in the price-fixing scheme, Defendant Rippa Machinery Group Co., LTD began fulfilling Plaintiff's orders with faulty, broken, and used machines in apparent retaliation.

27. Upon information and belief, the Rippa Defendants designated Defendant McMillan Machinery LLC as the exclusive agency in West Virginia after Plaintiffs refused to participate in the price-fixing scheme.

28. The purpose and effect of these actions were to suppress competition, fix prices, and boycott a dealer who sold at competitive market rates.

29. The conspiracy reduced consumer choice, increased prices, has deprived West Virginia of its only dealership, and damaged Plaintiff's business, reputation, and goodwill.

30. As a direct and proximate result, Plaintiffs suffered substantial financial injury in West Virginia and other states.

## IV. CLAIMS FOR RELIEF

### COUNT I – Violation of Sherman Act § 1 (15 U.S.C. § 1)
### (Price-Fixing and Group Boycott)

31. Plaintiffs incorporate paragraphs 1–22.

32. Defendants combined, contracted, and conspired to restrain trade by fixing resale prices and collectively refusing to deal with Plaintiffs unless they complied with the illegal pricing scheme.

33. This conduct constitutes an unreasonable restraint of trade and a per se illegal group boycott.

34. Plaintiffs suffered antitrust injury, including lost sales, exclusion from the dealership network, and harm to their competitive position.

### COUNT II – Violation of Sherman Act § 2 (15 U.S.C. § 2)
### (Attempted Monopolization)

35. Defendants, through concerted action, attempted to monopolize the market for Rippa-branded excavators and related machinery in the United States by excluding low-cost competitors.

36. Their conduct demonstrates specific intent to monopolize and a dangerous probability of achieving monopoly power.

### COUNT III – Violation of Clayton Act § 3 (15 U.S.C. § 14)
### (Conditioning Dealership and Sales on Anticompetitive Terms)

37. Defendants unlawfully conditioned the right to purchase and resell Rippa machinery upon agreement to maintain minimum resale prices, substantially lessening competition and tending to create a monopoly.

### COUNT IV – Tortious Interference with Business Relations
### (State Law Claim)

38. Defendants intentionally interfered with Plaintiffs' existing and prospective customer relationships by threatening suppliers, disseminating false statements, and obstructing lawful sales efforts.

### V. DAMAGES AND RELIEF REQUESTED

WHEREFORE, Plaintiffs respectfully request that this Court:

a. Enter judgment for treble damages under 15 U.S.C. § 15;
b. Award injunctive relief under 15 U.S.C. § 26 reinstating Plaintiffs as authorized dealers and prohibiting further retaliatory conduct;
c. Award attorney's fees and costs; and
d. Grant any further relief the Court deems just and proper.

### VI. DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues triable as of right.


Respectfully submitted,

/s/ Anne C. Labes
**Anne C. Labes**
WV Bar No. 13027
1507 St. Marys Avenue
Parkersburg, WV 26101

anne@annelabes.com
(304) 859-7702 Fax: (304)936-6000
*Counsel for Plaintiffs.*